IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

DEREK L. EDWARDS,

    Petitioner,

v().

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:16-cv-02278-SLD

### ORDER

Before the Court is Petitioner Derek Edwards' 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 3. For the foregoing reasons, Edwards' petition is DENIED.

### BACKGROUND[1]

On August 22, 2012, Petitioner Edwards was charged by a grand jury with two counts including (1) possession with intent to distribute at least 28 grams of crack cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(b); and (2) felon in possession of a firearm, under 18 U.S.C. § 922(g)(1). Indictment, Cr. ECF No. 8. At Edwards' change-of-plea hearing on September 13, 2013, the Government discussed its offer to recommend a 137-month sentence if Edwards pled guilty to both the drug and firearm charge, and noted that it would withdraw the offer if Edwards did not plead to both. *United States v. Edwards* Order, No. 14-2361, at 1 (7th Cir. Jun. 3, 2015), Cr. ECF No. 56. Edwards' defense counsel indicated that he had discussed the offer with Edwards, but that Edwards wanted to plea open to the drug charge, despite the possibility that he could be facing between 235 and 293 months of incarceration if he did so. *Id.* Edwards then

---

[1] Citations to docket entries in Edwards' § 2255 proceeding will take the form: "ECF No. __." Citations to docket entries in Edwards' underlying criminal matter, *United States v. Edwards*, No. 2:12-cr-20049-JES-DGB-1, take the form "Cr. [ECF No. __]."

pled to the drug charge and did not plead to the gun charge, and the Government ultimately dismissed the latter by oral motion on June 16, 2014. *See* Jun. 16, 2014 Cr. Docket Entry. Edwards was sentenced to 235 months of incarceration. Judgment 2, Cr. ECF No. 27. On June 18, 2015, Edwards filed a motion to reduce his sentence with a two-level reduction pursuant to 18 U.S.C. § 3582(c)(2), Cr. ECF No. 55, which was granted, resulting in a reduced sentence of 188 months. Order Regarding Mot. Sentence Reduction, Cr. ECF No. 58. Edwards filed the present § 2255 petition on September 6, 2016. Mot. Vacate, Set Aside, or Correct Sentence, ECF No. 1.

In Edwards' § 2255 petition, he lists several grounds for his ineffective assistance of counsel claim, including, significantly, his attorney's (1) failure to suppress video evidence of statements he made to police (2) failure to present evidence, and (3) failure to challenge the district court's judgment because it was not based on sufficiently reliable evidence. Pro Se Mem. Supp. Mot. Vacate, Set Aside, or Correct Sentence 2–3, ECF No. 1-1. On his § 2255 petition, Edwards lists "denial of effective assistance of counsel" as one of the grounds he raised previously on direct appeal. Mot. Vacate, Set Aside, or Correct Sentence 3. Additionally, the Seventh Circuit order affirming his sentence thoroughly addressed the ineffective assistance claim. *United States v. Edwards* Order, No. 14-2361, at 5–6 (7th Cir. Jun. 3, 2015).

In the instant matter, the Government filed a response to Edwards' § 2255 petition, arguing that because Edwards raised his ineffective assistance claim on direct appeal, he is barred from doing so in a habeas proceeding. Gov't Resp. 10–12, ECF No. 6. Though the Court gave him leave to do so, *see* Apr. 6, 2017 Text Order, Edwards did not file a reply.

## DISCUSSION

The Seventh Circuit strongly cautions criminal defendants against raising ineffective assistance of counsel claims on direct appeal, largely because the trial court record almost

invariably proves inadequate to address important factual information regarding the strategy choices made by counsel and, importantly, the underlying motivation behind those choices. *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005) (collecting cases) (holding that "only the rarest and most patently egregious of ineffective assistance of counsel claims are appropriately brought on direct appeal.")

For that reason, the Seventh Circuit holds that a defendant who has already raised an ineffective assistance of counsel claim on direct appeal may not do so in a collateral motion. *United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014) ("A litigant gets to argue ineffective assistance, and for that matter any other contention, just once. A collateral attack cannot be used to obtain a second opinion on an argument presented and decided earlier."); *Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005) (providing that exception to this rule exists only under stringent circumstances including (1) an intervening change in law or (2) discovery of previously withheld evidence).

Edwards raised his ineffective assistance of counsel claim on direct appeal, and the Seventh Circuit already disposed of several arguments put forth by Edwards regarding his plea negotiations, counsel's sentencing prediction, and counsel's arguments related to suppressing Edwards' videotaped confession. *See United States v. Edwards* Order, No. 14-2361, at 5–6 (7th Cir. Jun. 3, 2015). Edwards does not indicate in his petition that any intervening change in law now provides a basis for his claim, nor does he contend that any "hidden evidence" has come to light; rather, he argues that these other theories of ineffective assistance of counsel were "better raised on 2255." Mot. Vacate, Set Aside, or Correct Sentence 10. All Edwards has done is "add to the list of failings" attributed to his lawyer, *see Peoples*, 403 F.3d at 846, and a simple change to the theory of the case is not sufficient reason for the Court to abandon its interest in efficient

dispute resolution and the conservation of judicial resources. *Id.* Because of the foregoing, Edwards' petition must be denied.

## CONCLUSION

Petitioner Derek Edwards' § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1, is DENIED.

Entered June 2, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE